2001 OK JUD ETH 4.

**JUDICIAL ETHICS OPINION 2001–4.**

Oklahoma Judicial Ethics Advisory Panel.

March 30, 2001.

 ¶ 0 QUESTION 1: May a judge allow his/her staff (clerk, secretary, bailiff, court reporter) to accept gifts from attorneys on special occasions: Valentine's Day, Secretary's Day, Christmas, etc.

¶ 1 SPECIFIC FACTS: The donor and staff members do not see each other socially; the gifts are inexpensive and only given on special occasions or holidays.

¶ 2 WE ANSWER: YES, with reservations.

¶ 3 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"**

¶ 4 Canon 2A "A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

¶ 5 Canon 3C(1): "A judge should diligently discharge the judge's managerial responsibilities . . ."

¶ 6 Canon 3C(2): "A judge should require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties."

¶ 7 The Canons do not apply to the staff of a judge but the judge does have

managerial duties and must require the staff to comply with certain ethical standards. The Canons cited above do not specifically prohibit gifts, etc., but are cited to show the judge's responsibility for the conduct of the staff., As we pointed out in J.E.A.P. Opinion No. *2001–3*, a judge may receive certain gifts in reasonable amounts and under certain circumstances and those general rules should apply to the staff. It is impossible to set specific parameters regarding gifts to staff members, the propriety of which can only be determined by consideration of the specific circumstances. The key question is whether the gift is of such a nature that it clearly is for the purpose of gaining certain advantage with members of the judge's staff or has the appearance to an observer that the purpose of the gift is to gain particular advantage. The value of the gift, the occasion or circumstances of the gift, the relationship of the donor to the Court system and the apparent purpose of the gift are all legitimate concerns for the judge.

¶ 8 In summary, the Code of Judicial Conduct does not apply to the judge's staff; the staff may receive gifts from people connected with the Court system and from others, but the judge has a duty under the Canons to require that the staff comply with ethical standards and the staff members must exercise caution and good judgment in receiving gifts.

¶ 9 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig, Secretary